## JESSE A. REED *vs.* BENJAMIN REYNOLDS.

By an indenture of lease made a few days before May 1st, the plaintiff let and the defendant hired a dwelling house at a stipulated rent for one year from that date. The plaintiff's wife being in child-bed and not in a condition to be moved, it was agreed at the time the lease was made that the plaintiff should remain with her in the house for a few days after May 1st, the plaintiff stating the time as probably a week or ten days; the house to be occupied by both families during that time under certain arrangements for their mutual accommodation. On May 1st the defendant moved in, taking possession of certain rooms agreed on, but the plaintiff's wife not recovering so soon as expected the defendant on the 12th of May asked the plaintiff when he would leave the premises, to which the plaintiff replied that he should not go out until his wife got well enough to go if he lost a year's rent, and would fix no time for leaving. The defendant thereupon told the plaintiff that he should quit the premises, and did quit them the same day, and afterwards on the same day the plaintiff removed his family and effects. In a suit brought by the plaintiff for the rent it was held—1 That the defendant was entitled under the lease to the full possession of the entire premises leased. 2. That so far as he consented to a continued occupation of a part of the premises by the plaintiff, he could not make such occupation a ground of defense. 3. That when the license had expired by its limitation or by revocation the defendant became entitled to full possession on reasonable demand. 4. That when the plaintiff, upon the defendant's asking him when he would leave, made the reply which he did and refused to fix a time for leaving, the defendant had a right to regard it as a refusal to deliver to him the premises, and was justified in abandoning the lease and quitting the premises.

COVENANT for rent of demised premises, with a count in assumpsit for use and occupation; brought to the court of Common Pleas of Fairfield County, and tried to the court, upon the general issue with notice, before *Brewster, J.*

The lease was an indenture under seal executed by the plaintiff and defendant, dated April 21st, 1870, by which the plaintiff leased to the defendant a dwelling house in the borough of Stamford for one year from May 1st, 1870, for the yearly rent of $650 payable in quarterly payments, and the defendant agreed to hire the premises and pay the rent above mentioned.

At the time of the execution of the lease and before its completion, the parties had a conversation, in which it was agreed that, owing to the confinement at the time of the

plaintiff's wife in child-bed, the plaintiff and his family should remain in a portion of the leased premises during her confinement, which it was then supposed, and there stated by the plaintiff, would probably detain them until a week or ten days after the first of May; it being agreed that, so long as the plaintiff and his wife remained on the premises, the defendant was to have the joint use of the basement with the plaintiff, and the sole use of the attic, one room on the second floor and four rooms on the first floor, while the plaintiff was to occupy the rest of the house.

On the first of May the defendant moved with his family into the rooms above mentioned and took possession thereof and of the garden included in the lease. The basement was however occupied so much of the time by the plaintiff and his family, that the defendant and his family had but little benefit from it, and were obliged to take their meals either at unseasonable hours or in a wash-room adjoining the basement, to their great inconvenience. The outside doors of the dwelling house were used in common, and the keys thereof, though demanded by the defendant of the plaintiff, were never delivered to him. During the joint occupation of the premises by both families, the defendant for want of sufficient room was unable to arrange his furniture conveniently and to put up his beds, and for want of sufficient room was not in the full or ordinary enjoyment of any part of the leased premises except the attic and the garden.

On the 12th of May the defendant enquired of the plaintiff when he would leave the premises, and the plaintiff made no other reply than that "he should not go out until his wife got well enough to go, if he lost a year's rent," and would fix no time for his departure. The defendant thereupon gave him notice that he should quit the premises, and did quit them the same day, and the plaintiff also afterwards on the same day removed his family and effects from the premises. It was not safe to remove the plaintiff's wife before. The partial occupation of the premises for the twelve days by the defendant was of no benefit to him, but on the whole an injury.

The plaintiff claimed upon these facts that the execution of the lease and the entry into possession by the defendant vested the legal tenancy of the premises in him for the term of the lease, and that the parol agreement for the plaintiff to remain in part possession was a mere license, and he had a right to remain until his wife was able to be removed without danger, and that his remaining under such circumstances was no excuse on the part of the defendant for the non-payment of the rent, and that his acts constituted no eviction of the defendant, and that he was entitled to recover the rent claimed.

The defendant claimed that evidence of the parol agreement was not admissible to vary the written contract, and further claimed, as matter of law, that no such license was given by him as would warrant the occupation of the premises by the plaintiff after the first day of May, and that the defendant was fully justified in leaving the premises when and as he did, and that, having never possessed the premises in the quiet enjoyment thereof under the terms of the lease, or received any benefit from the partial occupation thereof, he was not liable for the rent.

The court held the law to be as claimed by the defendant, and rendered judgment in his favor. The plaintiff moved for a new trial.

*Curtis* and *Hoyt*, in support of the motion.

1. In this case there was a lease in writing by the lessor, a covenant to pay rent by the lessee, and a lawful possession of a large portion of the premises by the lessee under the lease. The defendant was therefore a full and complete tenant for years. Taylor's Landlord & Tenant, § 68. He was therefore bound to pay his rent unless evicted by his landlord. 1 Swift Dig., 671; *Church* v. *Gilman*, 15 Wend., 656.

2. There was no eviction in this case. An eviction is the wrongful taking from the tenant, or disturbing him in the possession of, a part of the demised premises, not in the withholding the premises or a portion of them from him. Taylor's Landlord & Tenant, § 388; *Etheridge* v. *Osborn*, 12 Wend.,

529. The keys to the outside doors were never in the possession of the defendant. Taylor's Landlord & Tenant, §§ 646, 647. Nor does it appear that the joint occupancy of the kitchen by the defendant was in any degree diminished by the plaintiff after such occupancy on the part of the defendant commenced. Nor that the possession of the remaining portion of the premises by the defendant was ever diminished at any time after his occupancy of the same. Taylor's Landlord & Tenant, § 378, note 1; 1 Washb. R. Prop., bk. 1, ch. 10, sec. 6, art. 3*a*.

3. The fact that the defendant was not put into the full possession and enjoyment of the premises is no bar to the claim for rent by the lessee. *Etheridge* v. *Osborn*, 12 Wend., 529; Taylor's Landlord & Tenant, § 388, and note 6; *Wright* v. *Lattin*, 38 Ill., 293.

4. The parol agreement between the plaintiff and defendant had the effect of, and was of the same nature as, a parol license regarding real estate, and the defendant thereby waived his right to the immediate full possession of the premises under the lease. *Parsons* v. *Camp*, 11 Conn., 525; *Allen* v. *Jaquish*, 21 Wend., 628; 1 Washb. R. Prop., bk. 1, ch. 16, sec. 5, art. 13.

5. Such parol agreement was revocable by the defendant, but the plaintiff had a reasonable time in which to remove from the premises. *Parsons* v. *Camp*, 11 Conn., 528, 529; 1 Washb. R. Prop., bk. 1, ch. 12, sec. 2, art. 12.

6. The court below finds that it was not safe for the plaintiff to have removed sooner, and therefore the plaintiff must be considered as having removed from the premises within a reasonable time. *Parsons* v. *Camp*, supra; *Mills* v. *Skinner*, 13 Conn., 436, 443.

*Fessenden*, contra.

1. The action is covenant broken in the first count, for the rent for one-quarter of the term for which the premises were demised; and assumpsit for use and occupation of the demised premises for the same quarter's rent, in the second count. If the facts found constituted an eviction from the

Reed v. Reynolds.

demised premises the plaintiff cannot recover on either count of his declaration. *Leishman* v. *White*, 1 Allen, 489; *Christopher* v. *Austin*, 11 N. York, 216. If by the act of the landlord the quiet enjoyment of the premises is molested the tenant is not bound to pay rent, because the quiet enjoyment is an implied condition on which the tenant is bound to pay the rent. Taylor's Landlord & Tenant, § 378. The principle on which this rule depends is the same as in the case of an eviction. Whether the facts found do, or do not, constitute a technical eviction, the plaintiff is not entitled to recover if the acts of the landlord constitute an eviction in effect, rendering the occupation of the premises useless. 1 Washb. R. Prop., bk. 1, ch. 10, sec. 1, art. 10; Taylor's Landlord & Tenant, §§ 378, 379, 380; *Cohen* v. *Dupont*, 1 Sandf., 260; *Dyett* v. *Pendleton*, 8 Cowen, 727. Or if by the act of the plaintiff the defendant has been deprived of the quiet enjoyment of the premises, and that for which he agreed to pay, the plaintiff has no claim for rent. *Edgerton* v. *Page*, 20 N. York, 281, 283. The facts show that the defendant occupied at great inconvenience, without possession of keys, such rooms as the plaintiff allowed; that no limit was placed to the time during which such a state of things was to continue, except the uncertain chance of illness; and that the occupation as a matter of fact was not beneficial but injurious.

2. The parol agreement entered into between the parties contemplated the occupation of the premises by the defendant, subject to a limited and temporary use by the plaintiff. By the act of the plaintiff the occupation of the premises by the defendant, as found by the court, was an injury to him and of no benefit. The use of the plaintiff therefore was of an entirely different character from that contemplated, and tortiously prevented the defendant from enjoying the premises demised. The plaintiff failed therefore to allow the quiet enjoyment of the premises, denied the occupation thereof, and by conduct which prevented the beneficial enjoyment thereof destroyed his claim for rent.

SEYMOUR, J. This is an action for the rent of demised
VOL. XXXVII.—60

premises, and it is defended on the ground that the plaintiff deprived the defendant of the enjoyment of the premises leased, in such manner as to destroy the claim for rent. The counsel for the respective parties do not materially differ in regard to the general rules of law that should govern the case. It is conceded that the defendant was entitled to the full possession of the entire property leased to him, and that if such possession was wrongfully withheld from him by the plaintiff the action for rent cannot be maintained. It is also conceded that so far as the defendant consented to a continued occupation of part of the premises by the plaintiff, the defendant cannot make such occupation a ground of defence. The question in the case arises upon the conduct of the parties subsequent to May 1st, the day of the commencement of the lease, and especially upon what took place between them on the 12th of May.

The defendant consented that the plaintiff might remain in the house a short time after the commencement of the term. A week or ten days from the 1st of May was all the defendant had reason to think the plaintiff would want, that being the space of time named by the plaintiff. Two days after the expiration of the longest period named the defendant enquired of the plaintiff when he would leave, and the plaintiff made no other reply than that he should not go out until his wife got well enough to go, if he lost a year's rent, and refused to fix any time for his departure. The defendant thereupon gave notice that he should quit, and did so the same day. These facts were unexplained, except that after the defendant had quit the plaintiff on the same day also removed his family and effects. On these facts the Court of Common Pleas decided that the plaintiff was not entitled to recover, and we can see no error, certainly no error of law, in this decision. The defendant under his lease was entitled to full possession on the 1st of May, and continued to be entitled to full possession on reasonable demand after the license had by its limitation expired or on reasonable demand upon revocation of the license. The enquiry made by the defendant was properly construed by the plaintiff as in the nature of a demand, and

replied to as such by a refusal then to go, and by an intimation that he might not go at all, let the consequences be what they might to the rent. The defendant had done nothing to oblige himself to accept the tenancy of a part only of the premises, and the plaintiff thus withheld from the defendant the occupation of the premises leased. The rule of law is clear that the defendant may abandon a contract which the plaintiff has flatly and deliberately on his part refused to perform.

· A new trial is not advised.

In this opinion the other judges concurred.